

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| DEONTAE CALDWELL, <br> TDCJ-CID No. 01903202, <br><br> Plaintiff, <br><br> v. <br><br> TERRY RAINES, *et al.*, <br><br> Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | <br><br><br><br><br> 2:19-CV-110-Z-BR |

## MEMORANDUM OPINION AND ORDER
## DISMISSING CIVIL-RIGHTS COMPLAINT

Before the Court is Plaintiff's civil-rights Complaint (ECF No. 3) brought under 42 U.S.C. § 1983, filed on July 25, 2019. Plaintiff filed suit *pro se* while a prisoner incarcerated in the Texas Department of Criminal Justice ("TDCJ"), Correctional Institutions Division. Plaintiff failed to request to proceed *in forma pauperis* in this case. However, Plaintiff filed several contemporaneous cases with such applications, and the Court granted this status to Plaintiff in his other cases. The Court thus also **GRANTS** *in forma pauperis* status to Plaintiff in this case. For the reasons discussed herein, the Court **DISMISSES** Plaintiff's Complaint **WITH PREJUDICE**.

### FACTUAL BACKGROUND

Plaintiff alleges he attended a disciplinary hearing on January 8, 2018. ECF No. 3 at 5. Plaintiff asserts that during the hearing, TDCJ personnel, listed as Defendants to this lawsuit, acted ignorant of his claims of danger to his person. *Id*. Plaintiff contends TDCJ staff failed to investigate his claims that "mindsets" and "thoughts" were being "put into his brain" by TDCJ staff and other inmates, and TDCJ staff did not attempt to resolve Plaintiff's other than to claim Plaintiff needed mental health treatment. *Id*. Although Plaintiff filed grievances about this issue, he asserts his

grievances were not properly resolved. *Id.* Plaintiff states that if another inmate in a nearby cell were to "shoot his thought processes" at Plaintiff, he would not be able to defend himself. *Id.*

### LEGAL STANDARD

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the Court may evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous,[1] malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).[2]

### ANALYSIS

A prisoner lacks a constitutionally protected interest in having his complaints and grievances resolved to his satisfaction. *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005). Plaintiff therefore cannot pursue claims about Defendants' failure to adequately resolve grievances. The Court **DISMISSES** Plaintiff's grievance-related claims **WITH PREJUDICE**.

Plaintiff's remaining claims appear delusional. The *in forma pauperis* statute, 28 U.S.C. § 1915(d), authorizes courts to dismiss an *in forma pauperis* claim if the action is

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993).

[2] *Green vs. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.")

"frivolous." Frivolous claims include those "describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). Plaintiff's claims are delusional. Plaintiff claims he is in danger from TDCJ staff and other inmates who can "shoot their thought processes" at him and subject him to harm. The Court thus **DISMISSES** Plaintiff's delusional claims **WITH PREJUDICE**.

The Court DENIES Plaintiff's requests to terminate his filing fee. *See* ECF Nos.8, 9. Filing fees attach at the time that a Complaint is filed.

### CONCLUSION

For the reasons set forth above and pursuant to 28 U.S.C. §§ 1915A, 1915(e)(2) and 42 U.S.C. § 1997e(a), the Court **ORDERS** Plaintiff's Complaint filed pursuant to 42 U.S.C. § 1983 be **DISMISSED WITH PREJUDICE**.

**SO ORDERED**.

June 21, 2022

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE